923 F.2d 201
 287 U.S.App.D.C. 378
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Sylvester JONES, Appellant,
v.
George F. GUNN, U.S. District Judge.
 No. 90-5094.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 18, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's motion for appointment of counsel, appellees' motion for summary affirmance, the response thereto and the reply, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. It is
 
 
 3
 FURTHER ORDERED that appellees' motion for summary affirmance be granted in part and denied in part. The motion is granted with respect to appellant's claims alleging denial of medical treatment and denial of access to the courts. The court's dismissal of appellant's claims regarding denial of medical treatment is affirmed pursuant to 28 U.S.C. Sec. 1915(d). The dismissal of appellant's claims alleging denial of access to the courts is affirmed pursuant to Fed.R.Civ.P. 12(b)(6). See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (dismissal for failure to state a claim appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.").
 
 
 4
 The motion is denied, however, with respect to Jones' claims alleging the denial of supplemental security income benefits. The district court did not address these allegations. Although they may ultimately be subject to dismissal for failure to state a claim, we believe that this decision is best resolved in the first instance by the district court. Therefore, the case is remanded for further consideration of these claims and appellees' possible defenses, including lack of personal jurisdiction, failure to exhaust administrative remedies and qualified immunity.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.